THOMAS L. STANTON *versus* JOHN HATCH, *appellant.*

A writ, made returnable before a trial justice, "at his dwellinghouse," to wit, "at his office," in R., &c., must be *entered* before him at such *dwellinghouse.*

If entered at a "place separate, and at a short distance from said dwellinghouse," in said R., "which place said justice uses as his *office* for the trial of actions brought before him," the justice has no jurisdiction; and, upon being appealed to this Court, the action will be dismissed on motion, if the record shows the facts.

ON EXCEPTIONS to the rulings, *pro forma*, of RICE, J., at *Nisi Prius.*

The defendant appeared at E. O. Bean's office, on the return day, and filed a written protest against the justice taking jurisdiction of the action. The justice overruled the objection, and required the defendant to proceed to trial at

said Bean's office. After trial, the justice gave judgment against the defendant who thereupon appealed.

At the term to which the action was appealed, the defendant seasonably filed a written motion to dismiss the action for the want of jurisdiction on the part of the justice. The presiding Justice overruled the motion, *pro forma,* and the defendant excepted.

The following is an extract from the justice's certified copy of the record : —

"Kennebec, ss.—At a court held before me, Moses Whittier, Esquire, one of the trial justices of the peace within and for said county of Kennebec, at my office in Readfield, in said county, being at the office of Emery O. Bean, a place separate and at a short distance from my dwelling-house, in said Readfield, and a place which I use as my office for the trial of actions brought before me," &c.

The remaining facts sufficiently appear in the opinion.

*John W. May,* for the defendant.

*E. O. Bean,* for the plaintiff.

1. The writ is in the form sanctioned by long and established practice, and the case finds that the magistrate was present at the time and place named in the precept, and that the parties appeared before him and were heard. So the objection is purely technical.

2. The words "to wit," may be intended to make definite, but it does not follow, by any necessary construction, that they refer and are to be limited to a particular place *within the one named.* That is, that the magistrate's office is necessarily *within his dwellinghouse.*

In all pleading, the very office of a *videlicet* is to mark, that the party is not required to make his proof precisely like his allegation. 2 Bouvier's Law Dic., 628 ; 1 Greenl. Ev., § 60 ; Chitty on Pleading, 318.

3. But if the doctrine contended for by the defendant were correct it cannot prevail in this case. Defendant, in his motion, avers that the Court was not holden at the *place*

named in the writ. This is an allegation of fact not apparent from the record, and can only be shown under plea in abatement. Gould's Pleadings, §§ 134–135; *Upham* v. *Bradley*, 17 Maine, 423; *Chamberlin* v. *Lake*, 36 Maine, 388; *Nye* v. *Liscomb*, 21 Pick., 263; *Amidown* v. *Peck*, 11 Met., 467.

4. The writ is the only and conclusive evidence of the time and place appointed for trial, and the record copy of the writ is the only evidence before the Court.

The statements of the magistrate, outside the papers, is not evidence, nor is any recital he may be induced to incorporate into his copy record evidence.

The opinion of a majority of the Court was drawn by

APPLETON, C. J.—By R. S. of 1860, c. 164, § 8, "No judgment of any trial justice shall be considered regular unless he shall be present with the plaintiff's writ at *the place appointed for trial*, within one hour after the time set in such writ, or unless the case be continued by some justice pursuant to the provisions of the Revised Statutes."

The writ in this case was returnable before Moses Whittier, Esq., a trial justice of Kennebec county, "at his dwellinghouse, *to wit*, at his office in Readfield, in said county." From the record of the magistrate, it appears that the action was entered before him at his office, being the office of Emery O. Bean, in Readfield, "a place separate and at a short distance from my (his) dwellinghouse in said Readfield."

The record shows that the action was not entered at the place appointed for trial, if that place was the dwelling of the magistrate, nor was said justice there, nor was the action continued by any other justice, nor was there an adjournment from the place designated to that where the trial was had.

The office of a *videlicet*, among other things, is, "to particularize that which was before general, and to explain that which is *indifferent*." 1 Chitty's Pl., 350, note. But the place of trial is not a matter indifferent or which can be so regarded.

The place of trial was at the dwellinghouse of the magistrate before whom the trial was to be. The writ not having ever been entered there, the cause, according to the provision of the statute, as well as to the whole course of authorities on the subject, was discontinued. *Martin* v. *Fales*, 18 Maine, 23; *Spenser* v. *Perry*, 17 Maine, 413.

*Judgment for the defendant.*

DAVIS, WALTON, DICKERSON and DANFORTH, JJ., concurred.

KENT, J., dissenting.—In this case, the writ was made returnable before a trial justice of the peace, on Saturday, the 9th day of November, 1861, at ten o'clock in the forenoon, "at my dwellinghouse, to wit, at my office in Readfield, in said county." On the return day, the defendant filed a written protest or motion, reciting that finding the Court opened at the office of Emery O. Bean, in Readfield, a place other than the place of return named and appointed in said writ; and not having been first opened at the place so named in the writ, and thence adjourned to this place, and that more than one hour had expired since the writ was returnable, at the dwellinghouse, to wit, at the office of the justice, which in law is but one certain place, and that the justice can in law have no jurisdiction at any other place, and concluding with the statement that he had duly appeared at the time and place named in the writ, and finding no Court or trial justice there, now protests against the entry or trial of said action, and prays the Court to take no cognizance of said action. This motion was overruled by the justice, and the case was tried upon its merits and judgment was rendered for the plaintiff. The defendant appealed, and, on the first day of the term, when the appeal was entered, he filed a motion setting forth the same facts as to the time and place of entry of the action before the trial justice, stated in the former motion, and alleging that the action was not entered at the "dwellinghouse" of the justice in Readfield, "his said dwellinghouse being his office," as

therein set forth. Wherefore he prayed this Court to take no cognizance of said action, and to dismiss the same because the justice had no jurisdiction, and all his proceedings were void. This motion was overruled by the presiding Judge — and, thereupon, the parties agreed upon a statement of facts, touching the merits of the case — the defendant excepting to the ruling on the motion to dismiss.

1. The exceptions. It is a familiar principle, that an action will be dismissed *on motion*, only for defects apparent on the record, and which appear on the same, without proof of extrinsic facts to make the objections tenable. When such facts are relied upon they must be pleaded in abatement.

The question that arises on inspection of the writ, and what is called "the return" portion of it, is, whether there is necessarily any such contradiction, uncertainty, or illegal specification of the time and place of trial, as presents or ousts the jurisdiction of the justice.

It is undoubtedly true, as a general principle, that, in a writ returnable before a justice of the peace, there can be but one place designated for the hearing and trial; a writ which should designate distinctly two places for the trial, distinct and apart from each other, would be clearly invalid. And so, if it designated two places in the alternative, as, "at my dwellinghouse *or* the town hall."

The statute, c. 164, § 8, of the laws of 1860, provides that "no judgment of a trial justice shall be deemed regular, unless he shall be present with the plaintiff's writ, *at the place appointed* for trial, within one hour after the time set in such writ."

But, does the language used in this case, "at my dwellinghouse, *to wit*, at my office," necessarily, on its face, distinctly and clearly indicate two different places; may not his office be in or a part of his dwellinghouse, and the *videlicet* merely indicate a distinct place in the dwelling?

It must be remembered, that the objection is purely technical, and it is therefore right to apply strict rules of con-

struction. There must be no doubt of an appointment of two distinct places for the trial on the face of the writ, before the objection can prevail. It must also be remembered that, in this view, on a mere motion, we cannot go out of the language to ascertain where in fact this trial was had, as that is a fact outside of the record and which should have been pleaded in abatement and verified, presenting a new and distinct issue as to a matter of fact.

But, as this form has been long in use in this State, I have been led to examine the statutes and the forms in use, that we might ascertain why and how this apparently unnecessary specification, under a *videlicet,* came into practice.

· The form for a justice writ was enacted as early as 1701 in Massachusetts. In that form, the place for the trial is stated, but the time is left blank. The place named in the form is " my *dwelling* house in B." The same form is given in cases of attachment and in summons. The same form was reënacted in 1784, and has so continued unaltered in that Commonwealth up to this time.

In Maine, at the separation, the same forms that had been so long in use in Massachusetts, were reënacted. It was provided in our laws of 1821, relating to forms, that, " in all civil actions, the original and final process in the following cases, betwixt party and party, *shall be made out* in the form following." And, in reference to writs before a justice of the peace, it is enacted, " that the several forms of writs and processes underwritten shall be and hereby are established to be the forms to be granted and *used* in civil causes triable before a justice of the peace." The form given is precisely like the first one in Massachusetts, " to appear at my *dwellinghouse,*" leaving the month and day, and time of day, in blank. In the subsequent revisions, in 1841 and in 1857, it is simply provided that the forms of writs in civil actions shall remain as established in 1821. It may be difficult to assign any good reason for this express designation of the place of trial, in the form of a justice writ, whilst the *time* is left to be inserted according to the

designation of the justice or the party. It probably originated in the almost universal custom of those early days, for a justice to hold his court in his dwellinghouse. But it is important to observe, there never has been any law in Massachusetts, or in this State, requiring that a magistrate shall hold his court at his "dwellinghouse," or in any particular place, unless this form is to be considered as thus designating the dwellinghouse as the only legal place. I do not so regard it. In process of time it became convenient for justices of the peace, especially in the larger towns and cities, to hold their court in offices or other places, and to designate such place in the writ. But the form, which the statute declared should be used in *all* civil suits, required the insertion of the words "at my dwellinghouse," and it was feared, doubtless, by the cautious and critical practitioners of the earlier days, that the omission of those words and the naked insertion of another place for the trial, might be fatal. They feared that a motion or plea in abatement, based upon the want of the exact words given in the statute form, might be sustained, and, therefore, they resorted to the present mode of retaining the words, but naming the real place intended, under a *videlicet*. This is not an unusual method in pleading, as is well known to all lawyers.

I do not intend to say that it is certain, notwithstanding the express words of the statute requiring the use of the words, that they may not be dispensed with, and that another place may not be directly named without their use. But I do not think the insertion of the statute form and the designation of the actual place intended, under a *videlicet*, is fatal. We have seen that the justice has a right to designate a place other than his dwellinghouse. In this case he does not designate two places, but, as is well understood in pleading, the place or matter named after a *videlicet* is always regarded as the place or matter intended. This is what is traversable when material. Gould's Pl., c. 3, § 37; 7 Cowan, 43; 2 Saunders, 291.

As in a declaration in a transitory action the venue is

Stanton *v.* Hatch.

often laid under such *videlicet.* — In declaring on a contract made in Boston, in a suit in Penobscot county, the form usually is — that the promise was made at Boston, to wit, at said Bangor. The controlling words are those that designate Bangor as the place intended. It is but a fiction to bring the case on the record within the jurisdiction of the Court. It is not a declaration of a promise in two distinct places at the same time. So here, the place of trial actually named and intended is the office, and not the dwellinghouse.

If we adopt any other construction, we must say that the party is in fault for using the form expressly sanctioned and *required* by the language of the statute, — or that a trial can be had at no other place than the dwellinghouse of the justice. I am not inclined to punish a man for using a form which the statute says he *shall* use. If he omits the form, he is liable to be met with an objection, — if he uses it strictly, then, according to the opinion, he must lose his case. The place is immaterial, provided it be within the county, and reasonably fit and suitable. Now, one of the uses of a *videlicet* is said to be, among other things, "to particularize that which was before general, and to *explain* that which is *indifferent.*" 1 Chitty's Pl., 350, note. If, therefore, all the facts stated in the motion had been incorporated into a plea on abatement, I do not think that they would have been sufficient to render the proceedings before the justice void for want of jurisdiction.

2. On the merits, under the agreed statement of facts, it is clear that the plaintiff is entitled to recover.